LEON AND H. BLUM v. J. N. MAYS.

(No. 2823, Op. Book No. 4.)

APPEAL from Milam County.    Opinion by HURT, J.

§ 475. *Suit upon a sworn account; subsequent amendment setting out a note given in settlement of the account.* Suit by attachment was brought on a sworn account. Defendant answered, setting up the fact that the account was fully settled, paid off and satisfied by his promissory note executed to plaintiffs. Plaintiffs amended their petition, setting up and declaring upon the note, and giving as the reasons why suit was not originally brought upon the note that it was not in the hands of the plaintiffs' attorneys at the time suit was brought and that they were in ignorance of its existence. On motion of defendant this amended petition was stricken out, because it set up a new cause of action, was not filed until the cause was called for trial, was a surprise to defendant, and would work a continuance to the prejudice of defendant.

Plaintiffs filed a second amended original petition, in which they again declared upon the note, and set up the former and additional reasons why suit was not originally brought on the note, and that the note was executed in consideration of the goods and merchandise forming the account originally sued upon. This amendment was also, upon motion of defendant, stricken out. *Held*, this was error. The amendment did not set up a new cause of action from that originally declared on. The sworn account was evidence of a debt, and the note was nothing more than evidence of the same debt. In defendant's

answer it is alleged that the account sued on was settled by this note.

**§ 476. Surprise; continuance.** If defendant was surprised by the amendment, this, upon being made to appear to the court, may have been good ground for continuance, to be charged to the party causing the surprise. Again, if the amendment works a surprise to the opposite side and necessitates a continuance, the costs of the term may be adjudged against the party at fault; this matter having always been in the sound discretion of the court. [Rule 16 of District Court.]

June 6, 1883.                    Reversed and remanded.